## Hiram Witham *vs.* Samuel Gowen.

In an action for malicious prosecution, a *conviction* of the offence before a Justice of the Peace is conclusive evidence of probable cause, unless such conviction was obtained exclusively or mainly by the *false* testimony of the defendant.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

The plaintiff read to the jury the copy of a record, from which it appeared, that the plaintiff was convicted before a Justice of the Peace on a complaint made by the defendant against him, but that on an appeal to the Court of Common Pleas, he was acquitted. The plaintiff proposed to offer further evidence to support his action, but the Judge ruled, that the conviction before the Justice was conclusive proof of probable cause, unless the plaintiff could prove, that the conviction before the Justice was obtained exclusively or mainly upon the testimony of the defendant, and that such testimony was false. The plaintiff did not propose to offer any such testimony in the cause; whereupon the Judge ordered that the plaintiff should become nonsuit, and he excepted.

Witham *v.* Gowen.

*N. D. Appleton*, for the plaintiff, said the only question in this case was, whether a conviction before a Justice of the Peace was *conclusive* evidence of probable cause, unless it was obtained exclusively or mainly by the false testimony of the defendant. He contended, that it was not, but only evidence to go to the jury with other evidence. He cited 1 *T. R.* 545; *Cro. Eliz.* 134; 2 *Dane*, 725; 1 *Salkeld*, 15; 4 *Burr.* 1971; 1 *Greenl.* 135; 1 *Wilson*, 232; 3 *Greenl.* 305; *ibid*, 362; 2 *Dane*, 730; 6 *Greenl.* 285; 2 *Browne*, 42; 2 *B. & Adolph.* 845; 6 *Pick.* 193; 12 *Pick.* 325; 3 *Mason*, 102; 5 *Mason*, 192; 4 *Munf.* 462; *ibid*, 59; 3 *Leigh*, 561.

*D. Goodenow*, for the defendant, said that the cases of the counsel for the plaintiff might be very good law, but had no application to the facts in this case. Any thing short of conviction, he admitted, would not be conclusive, and none of his cases show, that conviction would not. The instructions of the Judge are justified by well settled principles of law. *Ulmer* v. *Leland*, 1 *Greenl.* 135; *Reynolds* v. *Kennedy*, 1 *Wil.* 232; *Whitney* v. *Peckham*, 15 *Mass. R.* 243; *Smith* v. *Macdonald*, 3 *Esp. R.* 7; *Sutton* v. *Johnstone*, 1 *T. R.* 543, and cases there cited.

After a continuance for advisement, the opinion of the Court was drawn up by

EMERY J. — The plaintiff having proposed to offer further evidence to support his action, which was for malicious prosecution, the Judge ruled, that the conviction before the Justice, the record whereof was produced by the plaintiff, was conclusive proof of probable cause, unless the plaintiff could prove that the conviction before the Justice was obtained exclusively or mainly upon the testimony of the defendant, and that such testimony was false. But the plaintiff did not propose to offer any such evidence, whereupon the Judge ordered, that the plaintiff should become nonsuit. The correctness of that decision is now called in question. It is insisted that probable cause is a mixed proposition of law and fact, and that as prosecutions should be undertaken from motives for the promotion of the public good, all the evidence should be submitted to the consideration of a jury.

Thus in the case of *Taylor* v. *Williams*, 2 *B.* & *Adol.* 845, cited by plaintiff's counsel, which was an action for indicting the plaintiff without probable cause, and the plaintiff relied on the non-appearance of the prosecutor in support of the indictment, and it was held that the Judge was authorized in leaving it to the jury to say, whether the motive of that non-appearance was a consciousness, on the part of the prosecutor, that he had no evidence to support the indictment. And the plaintiff here insists, that whenever the question of probable cause is a mixed question of law and fact, it may and must be properly left to a jury.

As by the report under consideration, the nature of the evidence intended to be produced is not communicated beyond what is detailed in the report, we do not perceive in that which is recited any thing, which should induce us to overrule the decision of the Judge, as to the conclusiveness of the conviction before the Justice. The case of *Whitney* v. *Peckham*, 15 *Mass. R.* 243, before the separation, sustains the Judge's ruling. And as the plaintiff did not propose to show, that the conviction was obtained exclusively or mainly upon the testimony of the defendant, or that the testimony was false, we do not feel authorized to overrule the opinion of the Judge.

We therefore overrule the exceptions.