(11 Misc. Rep. 279.)

KITTEL v. STUEVE.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. CONTEMPT—FAILURE TO PAY JUDGMENT—PAYMENT OF MONEY.

A direction, in the final judgment for specific performance against a purchaser, that defendant, on tender of a deed, pay the purchase money as provided by the contract, is not a mandate within the meaning of Code Civ. Proc. § 14, subd. 3, providing that a court of record may punish a party for disobeying a mandate of the court.

2. SAME—JUDGMENT ENFORCEABLE BY EXECUTION.

So far as such judgment directs payment of the purchase money, it may be enforced by execution, and therefore cannot be enforced by contempt proceedings, under Code Civ. Proc. § 1241, subds. 1, 2, providing that a final judgment which cannot be enforced by execution may be enforced by proceeding against the party for contempt.

3. SAME—DIRECTION TO PAY TAXES AND ASSESSMENTS.

A direction in such judgment to pay all taxes and assessments which had become liens since the day when the title should have passed, without stating the amount thereof, even if not enforceable in that form, is not enforceable by contempt proceedings, since it could be amended by inserting the amount.

4. SAME—DIVISIBLE JUDGMENT.

A final judgment for specific performance against a purchaser, which directs that defendant accept a deed, that he make the cash payment according to the contract, and execute a bond and mortgage for the balance, does not require indivisible acts, but provides, among other things, for the payment of money which may be enforced by execution within the meaning of Code Civ. Proc. § 1241, subd. 2, providing that where a judgment is final, and a part of it cannot be enforced by execution, such part may be enforced by proceeding against the party for contempt.

Appeal from special term.

Action by Joseph J. Kittel against Henry Stueve for specific performance. From an order denying the motion to punish defendant for contempt of court for refusing to obey the final judgment, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

John A. Straley, for appellant.
Frederick W. Hinrichs, for respondent.

GIEGERICH, J.  This action was brought to require the defendant to specifically perform his contract for the purchase of certain real property. The trial of the issues resulted in a decision in favor of the plaintiff, and judgment was entered directing that the defendant accept a deed of the premises in controversy; that he pay on delivery of said deed the balance of the purchase price to be paid on delivery thereof pursuant to the terms of said contract in cash, to wit, the sum of $2,675, and, in addition thereto, the sum of $2,975, which would have become due under said bond and mortgage if executed as provided in said contract,—making in all a cash payment of $5,650, with interest thereon; that upon the delivery of the said conveyance he accept the same, and deliver to the plaintiff a bond and mortgage to secure the balance of the purchase price, the form of said bond and mortgage to be settled and approved by one of the

judges of this court in case the parties differ respecting it; and that he pay all taxes and assessments against said premises that may have become liens thereon since the 25th day of July, 1892, the date the title to said premises should have passed. And the judgment also provides that the plaintiff recover of the defendant his costs and disbursements, amounting to $409.40, "and that plaintiff have execution therefor." Upon the defendant's alleged refusal to obey the judgment, the plaintiff instituted these proceedings at special term to punish the defendant for a contempt, and the application was denied, "with leave to renew it, upon a proper demand, with respect solely to the acceptance of the deed and execution of the bond and mortgage in the judgment mentioned, defendant refuses to perform as directed by the judgment in those particulars." The moving papers failed to show that a deed and bond and mortgage were in fact tendered; but, tender of the deed, and of the bond and mortgage for execution, having been conceded, the court below held that "the execution of the bond and mortgage may be enforced by attachment, but not the payment of the balance of the contract price, for judgment therefor can be docketed, and such judgment can be enforced by execution." The plaintiff did not renew the motion, but brought on this appeal.

The power to punish a party for a contempt for the nonpayment of a sum of money ordered or adjudged by the court to be paid has been restricted by subdivision 3 of section 14 of the Code of Civil Procedure to cases where by law execution cannot be awarded for the collection of such sum. And the same restriction has been preserved by section 1241 of the Code. Jacquin v. Jacquin, 36 Hun, 378, 380. These restrictions are not affected by subdivision 4 of the latter section, for that permits the punishment for a contempt only where the judgment requires the payment of money into court, or to an officer of the court. Jacquin v. Jacquin, supra; People v. Grant, 41 Hun, 351, 355. The judgment entered in this action being a final one, it is evident from an examination of the provisions of the Code relative to proceedings for the punishment of a contempt that subdivisions 1 and 2 of section 1241 alone apply to the case at bar, subdivision 3 of the same section relating exclusively to an interlocutory judgment, and subdivision 4, as before shown, relating to judgments for the payment of money into court, or to an officer of the court. As the directions contained in the judgment for the payment of moneys are not "mandates" (Jacquin v. Jacquin, supra), the provisions of subdivision 3 of section 14 of the Code, supra, therefore, have no application. In either of the following cases, a judgment may be enforced by contempt proceedings:

"(1) Where the judgment is final, and cannot be enforced by execution, as prescribed in the last section. (2) Where the judgment is final, and part of it cannot be enforced by execution, as prescribed in the last section; in which case the part or parts, which cannot be so enforced, may be enforced as prescribed in this section. * * *" Code Civ. Proc. § 1241.

Section 1240 prescribes:

"In either of the following cases, a final judgment may be enforced by execution: (1) Where it is for a sum of money, in favor of either party; or

directs the payment of a sum of money. (2) Where it is in favor of the plaintiff, in an action of ejectment, or for dower. (3) In an action to recover a chattel, where it awards a chattel to either party."

The result of a careful examination of the authorities in relation to this subject is that we are convinced it has become well established by the frequent decisions in the courts of the state that punishment as for a contempt cannot be inflicted for disobeying a final judgment in cases where an execution can issue.

Plaintiff's counsel insists that an execution could not be issued upon the direction contained in the judgment as to the payment of taxes and assessments. This objection is, however, merely as to form, and not substance. If there be any defect, the same may be cured by amendment. The amount of the taxes and assessments have been fixed, and could have been ascertained upon inquiry at the proper office; and by his failure to insert the same in the judgment the plaintiff acquired no right to punish the defendant for a contempt. Myers v. Becker, 95 N. Y. 486. But the direction referred to is, in our opinion, sufficient, if not for the purpose of issuing an execution, then, at least, to defeat the present application in respect thereto. Matter of Hess, 48 Hun, 586, 1 N. Y. Supp. 811. In the case last cited the order directed the payment of a certain sum of money, also "the fees of the referee and stenographer, and such other disbursements as have been made or necessarily incurred in said accounting, to be taxed by the clerk on notice; and also the interest on the sum awarded"; and the court held that the order was capable of enforcement by execution under section 1240 of the Code, and that punishment as for a contempt could not be inflicted for disobedience of the order. As the direction contained in the judgment for the payment of the moneys was capable of enforcement by execution, and as the willingness of the defendant to comply with the remaining provisions of the judgment has not been questioned upon this appeal, it is apparent that the order appealed from was proper.

Plaintiff's counsel insists "that the execution of the deed, the bond, and mortgage, the payment of the balance of the purchase price, and the payment of the taxes are indivisible acts, constituting together 'specific performance' of the judgment, and cannot be separated for the purpose of defeating this application"; but this contention is effectually answered by the provisions of subdivision 2 of section 1241 of the Code, above cited, which expressly authorizes such a separation to be made, and the right to do so was distinctly recognized in People v. Grant, supra, in which the complaint alleged that the defendant had obtained from the plaintiff, by means of false and fraudulent representations, her promissory note for $100, and also the sum of $300, as a deposit to secure the payment of the rent reserved by a lease mentioned in the complaint. The judgment directed the return and cancellation of the note and the return of said sum of $300, and also gave damages to the amount of $4,468.71. Upon his failure to comply with the provisions of the judgment, the defendant was adjudged guilty of contempt, a fine being imposed on him, and directions were given for his imprisonment until the

delivery and cancellation of the note for $100 by him, and until he should pay said sum of $300. Upon appeal to the supreme court, First department, it was held that the failure of the defendant to comply with the direction to pay over the $300 to the plaintiff did not justify his punishment as for a contempt, as the judgment therefor could be enforced by an execution issued thereon; and that, as to his failure to deliver up the note for cancellation, his imprisonment to that extent was legally directed. And this brings up the point so strongly urged by the plaintiff in the court below, "that unless plaintiff can have attachment for refusal to pay the money directed to be paid by the judgment, he may lose it, because defendant may accept the deed, give the mortgage, and, after refusing to pay the cash balance, dispose of the property and leave the plaintiff remediless"; but the learned chief judge said in this connection: "This fear is groundless. The plaintiff dockets his judgment for the money, and it becomes a lien upon the property as soon as the deed is delivered and the title exists in defendant." This disposition of the law, as it exists, as to the remedies of the plaintiff in the case, appears to us to be correct. If the remedies provided for by the provisions of the Code of Civil Procedure are not sufficient, the legislature should be appealed to for the remedy, as the courts can only apply the laws as made by it, and not make them. For these reasons the order appealed from should be affirmed, with costs.

Order affirmed, with costs. All concur.