BURNHAM v. DENIKE et al.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

CONTEMPT OF COURT—ORDER OF COMMITMENT—SUFFICIENCY.

Code Civ. Proc. § 14, subd. 3, gives courts of record power to punish for willful disobedience to their mandates. Section 2284 provides that, if any actual loss or injury has been produced to a party to an action by reason of disobedience proved, a fine must be imposed sufficient to indemnify the aggrieved party. Section 2285 declares that, where the misconduct consists of an omission to perform an act or duty which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed, and that in such case "the order of commitment must specify the act to be performed and the sum to be paid." *Held*, that an order committing defendant for noncompliance with an order directing him to complete a purchase of property, which fails to show any adjudication of the damages suffered by the aggrieved party, specifies the acts to be done only by reference to another order, and fixes the amount to be paid only by providing that the offender shall pay all the taxes, assessments, and water rents on the property up to the date of his discharge from imprisonment, is fatally defective.

Appeal from special term.

Action by Elizabeth Burnham against Abraham Denike and others, in which Emil Mesnier, a purchaser of property sold under an interlocutory judgment in partition, was committed for contempt of court. From such order of commitment the said Emil Mesnier appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Charles Holdane, for appellant.
Raphael J. Moses, for respondent Denike.

WOODWARD, J. This appeal is from an order adjudging the appellant, Emil Mesnier, to be in contempt of court for noncompliance with an order directing him to complete a purchase of property bid

in by him at a referee's sale held in pursuance of a judgment rendered in the above-entitled action. The proceeding is taken under subdivision 3 of section 14 of the Code of Civil Procedure, and is governed by sections 2281, 2283–2285 of the Code. While there is no doubt of the power of the court to punish as for a contempt the refusal of Mr. Mesnier to complete his purchase, we are of the opinion that the order now before us is fatally defective, and that it should be reversed. Section 2284 of the Code of Civil Procedure provides that:

"If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, * * * a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court."

Section 2285 provides that:

"Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed. In such a case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sum to be paid."

In the matter now before us there is no adjudication of the amount of damage caused to the respondent; there is no evidence from which it may be inferred that the respondent has been damaged to the amount of the unpaid portion of the purchase price of the premises; and, if there was, the order appealed from does not specify the sum to be paid, as provided by section 2285 of the Code of Civil Procedure, but provides that, in addition to the sum named, Mr. Mesnier shall pay all the taxes, assessments, and water rents up to the date of his discharge from imprisonment. The amount of these charges is not determined, and there is no way that the officer having the person in charge may know when the conditions of the order have been fulfilled. Neither does the order appealed from specify the acts to be done by Mr. Mesnier, but refers to the order of November 29, 1899, and directs that he be imprisoned until that order be complied with. This is not a compliance with the requirements of the Code. The commitment or order must specify the act to be done, and no reference can be made to any other paper to supply this defect. The reason for this provision is obvious. It is for the purpose of enabling the sheriff to determine when the prisoner is entitled to his liberty. People v. Grant, 50 Hun, 243, 247, 3 N. Y. Supp. 142. It is necessary, under section 2284 of the Code of Civil Procedure, that the amount of the fine imposed for the purpose of indemnifying the person aggrieved must be based upon proof of the damage actually sustained. Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287. There is no legal evidence in this case to show that the respondents have suffered any damage by reason of the failure of the appellant to complete the purchase of the property involved. He paid 10 per cent. of the purchase price at the time of the sale, and there is nothing in the record to show that the property has deteriorated, or that any expenses have been incurred which cannot be paid out of the amount which has been advanced. The terms of sale provided that "the biddings will be kept open after the property is struck down, and, in case any purchaser shall fail to comply with

any of the above conditions of the sale, the premises so struck down to him will be again put up for sale, * * * and such purchaser will be held liable for any deficiency there may be between the sum for which said premises shall be struck down upon the sale and that for which they may be purchased on the resale, and also for any costs or expenses occurring on such resale." If the property had been resold, and had brought more than the bid of Mr. Mesnier, there would have been no damages; if it had brought less, the measure of damages would have been the difference between the two prices, with costs and expenses of the resale; and in the absence of any evidence as to the damages, or any adjudication as to the amount of such damages, the court is not authorized to imprison the offender. The order must "specify the act or duty to be performed, and the sum to be paid" (Code Civ. Proc. § 2285), and these matters must be judicially determined (Dejonge v. Brenneman, 23 Hun, 332). The amount of the fine to indemnify the person aggrieved for the loss or injury must be fixed upon proof of the damages sustained, according to the rules of law which would apply in an action for such damages; and because there is no such proof, and no adjudication of the amount to be paid, and because the order does not contain the matter necessary to make it complete in itself, without reference to other orders or papers, the order appealed from should be reversed.

Order appealed from reversed, with costs. All concur.