**2. SAME—TENANT'S KNOWLEDGE OF DEFECT.**
Where a tenant, knowing that a roof was in a leaky condition before his goods were injured by water, left them in the building, he took the risk of such injury upon himself, and cannot recover of his landlords therefor.

Appeal from special term.

Action by Heyman Klausner against Rosamond Herter and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Morris Cukor, for appellant.
John F. Coffin, for respondents.

SCHUCHMAN, J. The action was brought to recover the sum of $370 damages for injuries to certain dry goods belonging to the plaintiff, which were partially damaged by water leaking through an extension roof. The plaintiff bases his claim on the ground that the defendants, the landlords, had promised and agreed to keep and maintain the premises, and particularly the roof, in a good, safe, and proper condition, and in good repair, and that it was their duty to do so, and that by their neglecting to perform their agreement or duty the plaintiff's goods were injured. There is no evidence whatsoever that the landlords agreed to repair the roof, and in the absence of an express agreement or covenant the landlord is under no obligation to repair. Bronner v. Walter, 15 App. Div. 295, 44 N. Y. Supp. 583. No duty rests upon the landlord to repair the premises, except such as may be created by the agreement of the landlord so to do. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962. Furthermore, the plaintiff knew that the roof was in a leaky condition before the goods were injured, and, leaving his goods there with such knowledge, took the risk upon himself, and cannot recover of the landlords therefor. Reiner v. Jones, 38 App. Div. 441, 56 N. Y. Supp. 423; Cook v. Soule, 56 N. Y. 420. Judgment appealed from affirmed, with costs.

Judgment affirmed, with costs.

FITZSIMONS, C. J., concurs.

---

### EAST RIVER NAT. BANK v. DE LACY et al.

(City Court of New York, General Term. December, 1901.)

**CONTEMPT OF COURT—FINE—DAMAGES—AMOUNT—PROOF.**
Under Code Civ. Proc. § 2284, relating to proceedings to punish a contempt of court other than criminal, providing that if an actual loss has been produced a fine must be imposed not exceeding the amount of complainant's costs and expenses and $250 in addition thereto, it was improper to impose a fine of more than $250 and costs and expenses, there being no proof of the damage actually sustained, for the purpose of indemnifying the aggrieved party.

Appeal from special term.

Action by the East River National Bank against Thomas R. De Lacy and Isaac L. Smith. From an order fining defendants for contempt of court, they appeal. Modified.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

Charles Goldzier, for appellants.

Morgan & Mitchell (Rollin M. Morgan, of counsel), for respondent.

SCHUCHMAN, J. Section 2284 of the Code of Civil Procedure provides that:

"If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, * * * a fine sufficient to indemnify the aggrieved party must be imposed. * * * Where it is not shown that an actual loss or injury has been produced, a fine must be imposed not exceeding the amount of complainant's costs and expenses and $250 in addition thereto."

There is no proof in this matter of the damage actually sustained for the purpose of indemnifying the aggrieved party. The damage must be proved as in an action. It therefore appears that the fine imposed was far in excess of the sum which the court had power to inflict in the absence of proof of the extent of the loss sustained. Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287; Burnham v. Denike, 53 App. Div. 407, 65 N. Y. Supp. 1028. Therefore the fine could not have exceeded the sum of $250 and costs and expenses. Order modified by reducing fine to $250, and $30 costs, and as so modified affirmed, without costs.

Order modified, and as so modified affirmed, without costs. All concur.