Emil Mesnier, Respondent, v. Abraham Denike, Appellant.

*Malicious prosecution — a conviction of contempt made on false affidavits is not conclusive evidence of probable cause — malice inferable from the signing of an affidavit without knowledge of its contents.*

In an action brought to recover damages for the malicious prosecution by the defendant of a civil proceeding for contempt which resulted in an order, subsequently reversed on appeal, adjudging that the plaintiff was guilty of contempt and committing him to jail, the making of the order is not conclusive evidence of the existence of probable cause for instituting the contempt proceeding, where it appears that such order was obtained upon affidavits made by the defendant containing false statements, and that the defendant did not read the affidavit or have it read to him, and signed it without knowing its contents.

*Semble,* that the order obtained upon an affidavit thus recklessly made afforded no protection whatever to the defendant, and that malice was inferable from his act in signing the affidavit so made and allowing his attorney to use it to obtain the incarceration of the plaintiff.

Appeal by the defendant, Abraham Denike, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of April, 1902, upon the verdict of a jury for $650, and also from an order entered in said clerk's office on the 22d day of April, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Raphael J. Moses,* for the appellant.

*James D. Bell,* for the respondent.

Willard Bartlett, J.:

In this action the plaintiff has recovered $650 damages for the malicious prosecution of a civil proceeding for contempt, which resulted in an order of commitment under which the plaintiff was imprisoned for three days. The determination of the appeal turns upon the question whether the order adjudging the plaintiff guilty of contempt and directing that he be committed to jail was conclusive evidence of the existence of probable cause for instituting the contempt proceeding, notwithstanding the subsequent reversal of that order by this court. (*Burnham* v. *Denike,* 53 App. Div. 407.)

The effect to be given to the judgment rendered in the suit

alleged to be malicious, as evidence to establish probable cause, was considered by the Supreme Court of the United States in the case of *Crescent Live Stock Co.* v. *Butchers' Union* (120 U. S. 141) where numerous English and American decisions on the subject were reviewed by Mr. Justice MATTHEWS, and where finally the court approved the rule as laid down by the Supreme Court of Maine in these words : " If there be a conviction before a magistrate having jurisdiction of the subject-matter, not obtained by undue means, it will be conclusive evidence of probable cause." (*Payson* v. *Caswell*, 22 Maine, 212, 226.)

The rule thus enunciated and approved makes the probative effect of the judgment depend upon the means by which it was procured ; that is to say, it is to be deemed conclusive proof that the prosecutor of the suit in which it was rendered acted with probable cause, unless the plaintiff who attacks that suit as a malicious prosecution alleges and proves that the judgment was obtained by what the Supreme Court of Maine denominates " undue means." (See *Spring & Stepp* v. *Besore*, 12 B. Mon. [Ky.] 551.) The Maine cases show that in that State this phrase is intended to include false testimony by the complainant, whereby the judgment was procured. Thus in *Witham* v. *Gowen* (14 Maine, 362) the court sustained a ruling in an action for malicious prosecution, holding a record of conviction before a justice of the peace to be conclusive proof of probable cause, unless the plaintiff in the malicious prosecution suit could prove that the conviction before the justice was obtained exclusively or mainly upon the testimony of the defendant and that such testimony was false. In Iowa it is also held that proof that a conviction was based upon false and perjured testimony will prevent such conviction from being deemed conclusive evidence of probable cause in an action for maliciously prosecuting the proceeding which resulted in the conviction. (*Bowman* v. *Brown*, 52 Iowa, 437.) And a similar rule has been declared to be equally applicable in a suit brought for maliciously instituting a civil action. (*Short & Co.* v. *Spragins, Buck & Co.*, 104 Ga. 628.)

The prosecution which is attacked as malicious in the present case was a civil proceeding to punish the plaintiff for contempt in having failed to comply with an order of the Supreme Court requiring him to complete a purchase at a judicial sale. That order was made upon

an affidavit of the defendant which expressly prayed that a warrant issue directing the sheriff to commit the plaintiff to close custody in the county jail until he completed his purchase; and also until he paid the taxes, assessments and water rents on the property purchased, although he had not been required to pay these charges by any previous order. The affidavit stated that the premises sold were vacant, and that the plaintiff's delay had been such as to increase the burden in the way of taxes and assessments on the deponent and the other owners. In opposition to this affidavit of the defendant the plaintiff's attorney presented his own affidavit denying that any taxes had accrued since the sale, and alleging that the property, instead of being vacant, was rented and occupied by a tenant. Thereupon the learned judge who heard the application made the order convicting the plaintiff of contempt, under which he suffered imprisonment and which, as already stated, was subsequently reversed by this court.

It is evident that in so doing the judge gave credence to the statements in the defendant's affidavit to the effect that the delay of the plaintiff had increased his burdens in the way of taxes and assessments. Otherwise the direction that the plaintiff be detained in close custody in jail until he paid all taxes, assessments and water rents which had accrued since the date fixed for passing the title would hardly have been inserted in the order. Upon the trial of the present action, however, the plaintiff proved that no assessment or tax had been in fact levied or laid upon the property in question between the time fixed for passing the title and the date when the defendant's affidavit was verified. It is thus apparent that one of the most objectionable provisions of the order of commitment, *i. e.,* that requiring the payment of the taxes and assessments, was based wholly on a false statement of fact in the defendant's affidavit. These circumstances seem to make out a pretty clear case of obtaining an adjudication by " undue means," within the authorities cited, particularly in view of the admission of the defendant that he did not read his own affidavit; that it was not read to him, and that he signed it without knowing its contents. Notwithstanding his ignorance it was effective enough to send the plaintiff to jail.

It is to be observed that the final order in the contempt proceeding, under which the plaintiff was imprisoned, was made after a

hearing upon affidavits only, and not as the result of a litigation in which witnesses were examined orally on both sides as in the trial of a civil or criminal action, terminating in a formal judgment. It is open to serious doubt whether the conclusive character which is assigned to judgments, as proof of probable cause, by the decisions discussed in the first part of this opinion, belongs to such a determination as this, made like the decision of ordinary motions at Special Term. But assuming that it is to be treated like a judgment in this respect, I think that the learned judge who presided at the trial was right in refusing to hold that it conclusively established probable cause, inasmuch as the evidence in the case justified the jury in finding that the order was obtained by means of false statements in the affidavit of the defendant.

In *Nicholson* v. *Sternberg* (61 App. Div. 51), decided in April, 1901, the Appellate Division in the fourth department held that a judgment of conviction rendered by a justice of the peace is not conclusive evidence, but is merely *prima facie* evidence of probable cause for a prosecution alleged to have been malicious. If that proposition be correct, and no greater efficacy is to be given to an adjudication in a contempt proceeding made upon affidavits, it follows that all due weight was assigned to the order of commitment in the case at bar, irrespective of the falsity of the affidavit upon which it was procured. In either view there was no error in the manner in which the order was treated.

If it were necessary to do so in order to sustain this judgment, I think we might well hold that an order obtained from a court upon an affidavit so recklessly made that the affiant is wholly ignorant of its contents, affords no protection whatever to such affiant as evidence of probable cause or anything else ; and that malice is also inferable from the wanton disregard of the rights of others involved in swearing of this sort, and placing the affidavit in the hands of an attorney who uses it as a weapon of incarceration.

No other question is raised by the appellant which calls for discussion. I think the judgment and order appealed from should be affirmed.

Goodrich, P. J., Hirschberg, Jenks and Hooker, JJ., concurred.

Judgment and order affirmed, with costs.