LEERBURGER v. WATSON.   (No. 7443.)

(Supreme Court, Appellate Division, First Department.   July 9, 1915.)

1. CONTEMPT ☞78—SPECIFIC PERFORMANCE—JUDGMENT ENFORCEABLE BY EXECUTION.

An order adjudging a person in contempt in refusing to comply with a judgment for specific performance of a contract for the sale of real estate, requiring plaintiff to stand committed until he shall pay the balance of the purchase money and certain fees, is erroneous, where such amounts can be collected by execution; Code Civ. Proc. § 1241, providing that a judgment may be enforced by punishment where it cannot be enforced by execution.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 269, 274; Dec. Dig. ☞78.]

2. SPECIFIC PERFORMANCE ☞132—ENFORCEMENT OF JUDGMENT—PREREQUISITES.

Plaintiff had been ordered to specifically perform a contract for the purchase of real estate. At the time the contract was to be performed, no demand was made upon him, nor was he given an opportunity to inspect the bond and mortgage to be given as part of the sale, as he was entitled to under the judgment. *Held,* that an order committing him for contempt for failing to comply with the judgment was erroneous.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 436–438; Dec. Dig. ☞132.]

3. SPECIFIC PERFORMANCE ☞132—ENFORCEMENT OF JUDGMENT—CONTEMPT.

Where plaintiff was fined for contempt for failing to comply with a judgment directing specific performance of a contract for the sale of real estate, such adjudication was erroneous, where the refusal to complete the purchase was not shown to be in prejudice of the rights of defendant; a fine being proper only to indemnify the party aggrieved.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 436–438; Dec. Dig. ☞132.]

4. VENDOR AND PURCHASER ☞196—REMEDIES OF VENDOR—ACCOUNTING FOR RENTS.

Where the purchaser of real estate has delayed the completion of the contract, he cannot compel the vendor to account to him for rents received from the property since the date fixed for the completion of the sale by a decree for specific performance.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 404–406; Dec. Dig. ☞196.]

Appeal from Special Term, New York County.

Action by Henry Leerburger against Henry R. C. Watson, executor, for specific performance of a contract for the sale of real estate. From an order adjudging plaintiff to be in contempt of court in refusing to comply with a judgment for defendant, plaintiff appeals. Reversed.

See, also, 152 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Everett V. Abbot, of New York City, for appellant.
James J. Allen, of New York City, for respondent.

SCOTT, J.   The action is for the specific performance of a contract for the sale of real estate, plaintiff being the purchaser and de-

fendant the vendor. Both plaintiff and defendant demanded judgment for specific performance; plaintiff, however, seeking an abatement from the purchase price by reason of certain alleged encroachments on the property, and defendant demanding performance without abatement. Judgment went for the defendant, and was affirmed in this court and the Court of Appeals. Service of a copy of the judgment and notice of entry and of the successive orders of affirmance were duly served on plaintiff's attorneys.

The contract of sale provided that the purchaser, in addition to the down payment, should pay the sum of $18,000 in cash at the time of closing the sale, and should give a purchase-money mortgage for $85,000, said mortgage to be drawn by the attorneys for the seller at the expense of the purchaser, who also agreed to pay the fee and mortgage tax upon recording such mortgage. The judgment in defendant's favor provided that the plaintiff should specifically perform the contract by paying to defendant, at the office of his attorneys, within ten days after the service of a copy of the judgment, the balance of the purchase money, to wit, the sum of $18,000, at the same time and place executing and delivering to the defendant simultaneously with the delivery to said plaintiff of a deed to said premises his bond and mortgage for the sum of $85,000 in the form prescribed by the contract; it being provided that, in the event of any dispute as to the form of said bond and mortgage, the form thereof should be settled by a justice of the Supreme Court upon five days' notice. It was further adjudged that upon the delivery of the bond and mortgage the plaintiff should pay to defendant the legal fees of the registrar for recording said mortgage, the mortgage tax prescribed by law, and the fees of the defendant's attorneys for drawing said bond and mortgage, and that, in the event of any dispute as to the amount of said fees, the same shall be fixed by a justice of the Supreme Court upon five days' notice. The defendant was also awarded costs. This judgment was entered on July 18, 1912. It was finally affirmed by the Court of Appeals on December 11, 1914.

On January 7, 1915, plaintiff, with his attorney, called at the office of defendant's attorney and raised certain objections to being required to complete his purchase according to the terms of the judgment, one of the objections being that he was entitled to a reduction of the amount of cash to be paid, owing to the fact that defendant had been in receipt of rents from the premises since the date of the judgment. The defendant insisted upon payment of the full sum of $18,000. Defendant's attorney then produced certain papers which he stated were the deed of the premises duly executed by defendant and the bond and mortgage which plaintiff was required to execute. Plaintiff demanded an opportunity to inspect those papers, which was refused unless he would state that he was then ready, able, and willing to make the cash payment of $18,000. It does not appear that any formal tender of the deed was made, or any presentation of the bond and mortgage with a demand that plaintiff execute them, nor was any statement made of the amount to be paid for recording fee, or mortgage tax or attorney's fees for drawing the bond and mortgage, nor any demand for

the payment of those sums or any of them. In short, defendant's attorneys seem to have avoided doing everything necessary to be done in order to put plaintiff in default.

Thereupon a motion was made to punish plaintiff as for a contempt for his failure to obey the judgment, resulting in the order now appealed from. It adjudged the plaintiff to be in contempt for refusing to obey the judgment, and recited the provisions of that judgment at length. It adjudged that plaintiff's misconduct in that regard was calculated to and actually did defeat, impair, impede, and prejudice the rights and remedies of the defendant, and for such misconduct fined the plaintiff $250, with $10 costs. It committed plaintiff to the custody of the sheriff until he should pay such fine and costs and should obey the judgment of the court, the terms of which were again recited. It then specifically provided in what manner the plaintiff should comply with said judgment, as follows:

"That such obedience to and compliance with said judgment may be made by the plaintiff as follows: He may give to the defendant's attorneys two days' notice in writing of the time and place at which he intends to render obedience to said judgment, and at said time and place shall pay to the defendant the sum of $18,000, being the balance of the purchase money, and execute and deliver to the defendant, simultaneously with the delivery to him of the deed of the premises mentioned in said judgment, his bond and a purchase-money mortgage for the sum of $85,000, payable five years after date, with interest at the rate of 5 per cent. per annum, payable semiannually, such bond and mortgage to be in the form prescribed by the contract mentioned in said judgment and to be presented to the plaintiff for execution at said time; any dispute as to the form of said bond and mortgage to be settled as provided in the aforesaid judgment, and at the time and place the plaintiff shall pay to the defendant the legal fees of the register for recording said mortgage, viz., the sum of 10 cents for each folio contained in said mortgage, and shall pay to the defendant the mortgage tax prescribed by law on said $85,000 mortgage, viz., the sum of $425, and shall pay to the defendant's attorneys their fees for drawing said bond and mortgage, which fees are hereby fixed at the sum of $7.50."

[1] It is quite apparent that this order cannot stand. Indeed, the defendant specifically admits in his brief that it is erroneous in an important particular, in that it requires the plaintiff to stand committed until he shall pay the $18,000 balance of the purchase money. Code of Civil Procedure, §§ 1240, 1241; Kittel v. Stueve, 11 Misc. Rep. 279, 32 N. Y. Supp. 272, affirmed 146 N. Y. 380, 41 N. E. 89. For the same reason—that is, that the amounts could be collected by execution—it was improper to commit the plaintiff until he should pay the recording fees, the mortgage tax, and the attorney's fees. Kittel v. Stueve, supra. Furthermore, no demand was made upon plaintiff for the payment of those sums.

"The order appealed from does not specify the sum to be paid, as provided by section 2285 of the Code of Civil Procedure, but provides that, in addition to the sum named, Mr. Mesnier shall *pay all the taxes, assessments and water rents up to the date of his discharge* from imprisonment. The amount of these charges is not determined, and there is no way that the officer having the person in charge may know when the conditions of the order have been fulfilled. * * * This is not a compliance with the requirements of the Code. * * * The reason for this is obvious. It is for the purpose of enabling the sheriff to determine when the prisoner is entitled to

his liberty. People ex rel. Post v. Grant, 50 Hun, 243, 247 [3 N. Y. Supp. 142]. * * * The order must 'specify the act or duty to be performed, and the sum to be paid' (Code Civ. Proc. § 2285), and these matters must be judicially determined. Dejonge v. Brenneman, 23 Hun, 332. * * * Because there is * * * no adjudication of the amount to be paid, * * * the order appealed from should be reversed." Burnham v. Denike, 53 App. Div. 407–409, 65 N. Y. Supp. 1028.

[2, 3] As to the refusal to execute the bond and mortgage the order is equally unsupported. In the first place, no demand was made upon plaintiff, and in any event he was entitled to an opportunity to inspect them before he was called upon to execute them, because otherwise he could not have the benefit of the provision in the judgment providing for objection to the form of the papers, and a submission thereof to a justice of the Supreme Court. Nor can we find in the record any evidence to support the finding that the plaintiff's refusal to complete the purchase was "calculated to and did actually defeat, impede, and prejudice the rights and remedies of the defendant herein." A fine in a case like the present can be imposed only to indemnify the party aggrieved. "The amount of the fine, to indemnify the person aggrieved for the loss or injury, must be fixed upon proof of the damages sustained, according to the rules of law which would apply in an action for such damages." Burnham v. Denike, supra. We find no such proof in the record.

[4] The appellant's contention that defendant should account to him for rents received from the property since the date fixed by the judgment for the completion of the sale is not well founded. If plaintiff had been prevented from completing by some act of the defendant, a different question would have been presented. But in this case it was the purchaser, not the vendor, who has delayed the completion of the contract. He cannot claim the benefit of the delay.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to further proceeding to enforce the judgment. All concur.