1042

(February 16, 1940.)

In the Matter of Proceedings Supplementary to Judgment: FREDERICK P. ALTSCHUL, Judgment Creditor, Respondent, v. OSCAR DANE, Judgment Debtor, Appellant.

Order modified by reducing fine to the sum of $2,750, and, as so modified, affirmed, without costs. No opinion. Settle order on notice.

Present — Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.; Cohn and Callahan, JJ., dissent; dissenting opinion by Cohn, J.

COHN, J. (dissenting). I dissent and vote to modify the order appealed from by limiting the fine to the sum of $250, together with the amount of complainant's costs and expenses.

While I agree with the majority that wilful false swearing concerning any material matter in supplementary proceedings may now be made the basis for a civil contempt (Civ. Prac. Act, § 788, as added by Laws of 1935, chap. 630; cf., also, Matter of Finkel v. McCook, 247 App. Div. 57, at p. 63; affd., 271 N. Y. 636), the amount of the fine must be fixed upon proof of the damages sustained according to the rules of law which would apply in an action for such damages and must be limited to the actual loss or injury of the judgment creditor by reason of the debtor's misconduct. (Judiciary Law, § 773; Socialistic Co-op. Pub. Assn. v. Kuhn, 164 N. Y. 473; Leerburger v. Watson, 169 App. Div. 48, 52; Burnham v. Denike, 53 id. 407; Williamson v. Drogaris, 248 id. 627.) Where it is not shown that such an actual loss has been produced, the court is without power to impose a fine in excess of the complainant's costs and expenses and $250 in addition thereto. (Geller v. Flamount Realty Corp., 260 N. Y. 346.)

In this record I am unable to find any proof of damage actually suffered by the judgment creditor by reason of the alleged false testimony given with respect to any one of the three items which were made the basis of the fine of $3,250.

The order should be modified by limiting the fine to the sum of $250, together with costs and disbursements.

Callahan, J., concurs with Cohn, J.