THE SOUTHWESTERN RAILROAD COMPANY *vs.* MITCHELL.*

1. Where, pending the introduction of evidence in a case, the trial was adjourned until the next day, and the jurors were allowed to disperse for the night, with instructions not to talk to any one about the case and not to accept the hospitality of either party, and during the evening certain of the jurors approached the plaintiff and asked him to entertain them for the night, which he declined to do under the circumstances, saying that on any other occasion or at any other time he would be glad to entertain them, there was no error in refusing to withdraw the case from the jury and declare a mistrial on this ground.

2. There was no error in the charges and refusals to charge complained of in the 2d, 3d and 4th grounds of the motion for a new trial.

3. When this case was formerly before the Supreme Court, it was held that the plaintiff had made out a *prima facie* case, which entitled him to go to the jury, and that the grant of a nonsuit was error; also that .the plaintiff, as a mill-owner, had a license to overflow a portion of the lands of the defendant, and that the defendant had no right to institute its suit against him; but whether the suit was without probable cause and malicious, or whether the plaintiff had sustained the damages he claimed, were left to the determination of the jury on a rehearing of the case.

4. The charge of the court fairly and impartially submitted the law of the case to the jury, and the facts warranted a finding that the suit was without probable cause and malicious.

5. Malice will be inferred from want of probable cause; and to show its existence, it is not necessary to prove that the suit was instituted by ill-will, resentment or hatred towards the owner of the property involved. In a legal sense, any act done willfully and purposely to the prejudice and injury of another, which is unlawful, is, as against that person, malicious.

March 19, 1888.

Practice in superior court. Jury and jurors. Charge of court. *Res adjudicata.* Malicious suit. Probable cause. Before Judge FORT. Sumter superior court. April term, 1887.

To the report contained in the decision it is necessary to add, in connection with the second division thereof, only

* SIMMONS, J , being disqualified, Judge RONEY, of the Augusta circuit, was designated to preside in his stead

the following grounds of the motion for a new trial referred to:

The court refused to charge the jury that if they believed from the evidence that, after the suit was brought, the defendant filed his answer in the nature of a cross-bill, setting off a counter-claim to the right of the Southwestern Railroad Co., and prosecuted the same to a final decree in his favor as to such claim, while a decree was rendered in said case in favor of the railroad company giving it a substantial benefit, then the plaintiff could not recover.

The court erred in charging the jury as follows: If any injury occurred to his property by which any of it was destroyed, and if that was such as would not have happened without the injunction and necessarily flowed from it, then the amount of that damage would be chargeable against the defendant in this case, provided the plaintiff is entitled to a verdict at all. If Mitchell was compelled to pay out money to defend himself against that other suit, as counsel fees, and if that suit was not only unjust in fact but founded on no probable cause, and maliciously instituted and prosecuted, then the defendant would be liable for such expense of counsel fees.

Lyon & Estes and E. A. Hawkins, for plaintiff in error.

E. G. Simmons and Guerry & Son, contra.

Roney, Judge.

Mitchell sued the Southwestern railroad for the bringing of a civil action against him, which he alleged was malicious and a without probable cause, whereby he sustained special damage in being deprived of the use of his property. Upon the trial of the case, the jury returned a verdict in his favor, and upon the refusal of the court below to grant a new trial, the defendant excepted, and error is assigned upon the following grounds:

1. Because, after the jury had been empanelled to try said case, and after all the record evidence offered by the plaintiff had been read in evidence to the jury, and the plaintiff had been sworn and fully examined by his counsel as a witness, up to the point where he had been turned over to the defendant's counsel for cross-examination, and the court had adjourned over· until the next day, and the court had admonished the jury in letting them go at large not to talk to any one while at liberty· about the case, and not to accept the hospitality of either party, on the same evening two of said jurors empanelled to try said cause to-wit, G. M. Cannon and Cullen Roach, before the court-house door approached the plaintiff and asked him to take care of and entertain them for the night, and the plaintiff : had replied, " No, gentlemen, I cannot under these circumstances do what you ask, but on any other occasion or at any other time, I will be glad to entertain you or take care of you." The court, on motion of defendant's counsel to withdraw said jurors and declare a mistrial, refused said motion and ruled that said jurors were not disqualified under the law to try said cause.

Upon closely scanning the record, we find, when the alleged misconduct of the jurors was brought to the attention of the court, that a thorough and sifting investigation was entered into which disclosed that nothing had been said in the conversation about the case on trial, but that when Mitchell was approached by the jurors, he promptly refused to entertain them because they were jurors; which act, the judge held was more likely to prejudice them against him, rather than favor his side of the case. While we do not approve of the conduct of the jurors, and condemn any act which would tend to lessen the purity and impartiality of the jury-box, yet, inasmuch as the judge was satisfied the jurors were impartial and their conduct was the result of ignorance and inexperience, which did the defendant's case no harm, we are not prepared to say that he committed error in overruling the motion on this ground.

The 2d, 3d and 4th grounds of error relate to charges of the court and refusals to charge, and after duly considering them, we deem it unnecessary to comment upon them separately, as we see no material error committed.

5th and 6th. Because the verdict was contrary to the law and the evidence. When this case was here before, (75 *Ga.* 398,) it was held that the plaintiff had made out a *prima facie* case which entitled him to go to the jury, and that the court below erred in granting a nonsuit. It was further held that, under the facts of the case, Mitchell as a mill-owner had a license to overflow a portion of the lands of the defendant, and that the defendant had no right to institute its suit against him; but whether the suit was without probable cause and malicious, or whether the plaintiff had sustained the damages he claimed, were left to the determination of the jury, under the law and facts, on a rehearing of the case. We have carefully inspected the charge of the learned judge who presided in the case, as found in the record, and think that the law was fairly and impartially given to the jury; and if the facts support the finding, the verdict will be sustained.

The evidence shows that Mitchell had for many years enjoyed the license granted him by the defendant, and with notice of this right, the defendant instituted a suit against him, obtained an interlocutory injunction which operated harshly upon him in depriving him of the use of his property for three years, and by reason of which he sustained special damage. Further, that the defendant, while suffering no injury, but possibly receiving a benefit from the privilege enjoyed by Mitchell, sought to divert the water from the mill-pond of Mitchell and to employ it for other uses; and that, while the defendant alleged that its suit was brought in good faith to protect its own rights, yet we find the city of Americus, "behind the scenes," urging the suit to be brought, which, if successful, would benefit the city. Upon these and other facts, the jury found damages, and that the suit was without prob,

able .cause. and malicious.    True, the defendant offered
evidence to show good faith and the absence of malicious
intent ; yet it was for the jury to settle the conflicts in the
testimony ; and having found against the defendant, we will
not disturb the verdict.

The law upon the subject of want of probable cause and
malice and what will amount to probable cause, was cor-
rectly given in charge to the jury and need not be reviewed
in this opinion.    We will only add that malice will be in-
ferred from want of probable cause; and to show its exist-
ence, it was not necessary to prove that the suit was insti-
tuted by ill-will, resentment or hatred towards the owner
of the property ; it was sufficient to prove it in its enlarged
legal sense.    In a legal sense, any act done willfully and
purposely to the prejudice and injury of another, which is
unlawful, is, as against that person, malicious.    In con-
firmation of this view, we cite 15 Pick 337 ; 12th Amer.
Decis. 268.

Let the judgment of the court below be affirmed.