## SHORT & CO. *v.* SPRAGINS, BUCK & CO.

1. Where an equitable petition for injunction and the appointment of a receiver, which fairly and honestly set forth the facts relied upon by the plaintiffs therein, was presented to the judge of the superior court, who entered thereon an order sanctioning the petition, restraining the defendants as prayed and appointing a temporary receiver, this action by the judge afforded conclusive evidence of probable cause for the bringing of the suit, although at an interlocutory hearing thereafter had the order above mentioned was rescinded by the judge as having been improvidently granted upon the facts alleged.
2. Applying the law above announced to the facts of the present case, the verdict under review was manifestly right and ought not to be disturbed.

Argued April 27, 28,— Decided May 27, 1898.

Action for damages. Before Judge Butt. Marion superior court. April term, 1897.

*Brannon, Hatcher & Martin* and *C. J. Thornton,* for plaintiffs.
*George P. Munro, J. H. Lumpkin* and *Blandford & Grimes,* for defendants.

LUMPKIN, P. J.   A partnership composed of W. J. Short, David E. Crye and J. B. Short was dissolved by Crye's retirement from the firm, and the business was continued by the Shorts under the firm name of W. J. Short & Co., they undertaking with Crye to pay all the indebtedness of the old partnership. Spragins, Buck & Co. and others, creditors of Short, Crye & Co., presented to the Hon. William B. Butt, judge of the superior court, an equitable petition praying for an injunction to restrain W. J. and J. B. Short from disposing of, receiving or collecting any of the assets of Short, Crye & Co. or Short & Co., and further praying that a receiver be appointed to collect these assets and apply the same to the payment of the in-

debtedness of the above-named partnerships. The judge sanctioned the petition, granted a restraining order, and appointed a receiver. Subsequently, at an interlocutory hearing, this order was dissolved, and at the term to which the petition was returnable it was finally dismissed on demurrer. This action was doubtless based on the ground that it did not appear that the plaintiffs in the equitable petition were creditors of the firm of Short & Co., these plaintiffs not being parties to the contract between the Shorts and Crye by the terms of which the Shorts assumed the indebtedness of Short, Crye & Co. After the equitable petition had been dismissed, W. J. Short & Co. brought an action against Spragins, Buck & Co., for damages alleged to have been sustained by reason of the institution of the equitable petition and the proceedings had thereunder. At the trial of this latter action a verdict was rendered in favor of the defendants, and the plaintiffs therein are here excepting to the overruling of their motion for a new trial. This motion contains numerous grounds, but the case turns upon the question whether or not Spragins, Buck & Co. had probable cause for filing their equitable petition. The record discloses with certainty that this petition contained a fair, honest, and correct statement of the facts relied upon by the plaintiffs therein for the relief sought. This being so, we entertain no doubt that the verdict complained of in the case at bar was demanded, and that the judgment of the trial court refusing to set it aside should be affirmed. Certainly, if Spragins, Buck & Co. had probable cause for bringing their equitable petition, there could be no lawful recovery against them in the present case. Crescent Live Stock Co. v. Butchers' Union, 120 U. S. 149.

It is well settled that where a civil action is brought for an alleged malicious prosecution for crime, a judgment of a lower court convicting the accused of the offense with which he was charged, if not procured by fraud or false testimony on the part of the prosecutor, is, though afterwards set aside, conclusive evidence that he acted upon probable cause. Newell on Mal. Pros. 296–300; 2 Gr. Ev. (15th ed.) § 457; Sutton v. Johnstone, 1 T. R. 493, 505; Bowman v. Brown, 52 Iowa, 437, s. c. 3 N. W. Rep. 609; Phillips v. Village of Kalamazoo, 53 Mich.

33, s. c. 18 N. W. Rep. 547; Griffis *v.* Sellers, 2 Dev. & Bat. Law, 492, s. c. 31 Am. Dec. 422; Witham *v.* Gowen, 14 Me. 362; Payson *v.* Caswell, 22 Me. 212; Whitney *v.* Peckham, 15 Mass. 243; Bacon *v.* Towne, 4 Cush. 217, 236; Parker *v.* Huntington, 7 Gray, 36; *Hartshorn* v. *Smith,* 104 *Ga.* 235, which cites some of the foregoing authorities and others. There is no reason in principle why the rule applied in the cases cited above to an action for a malicious criminal prosecution should not be also applied to an action brought for maliciously instituting a civil action.    This rule has been applied to actions brought against persons for instituting proceedings alleged to be malicious, and which were only quasi-criminal; as, for instance, Reynolds *v.* Kennedy, 1 Wil. 232, which was an action upon the case for maliciously instituting proceedings to condemn certain brandy alleged to have been brought into Cork and "intended to be carried away again without due entry first made or payment of the duty." It was there held that as the plaintiff's declaration showed that the brandy was condemned by subcommissioners, though that condemnation was most rightfully reversed, the informer had probable cause for prosecuting the brandy to condemnation.    See also Herman *v.* Brookerhoff, 8 Watts, 240, wherein it was held that in an action for maliciously suing out a capias ad respondendum, the plaintiff was estopped from denying the existence of a probable cause of action by the fact that a judgment was rendered against him in the suit in which he was arrested.    The rule above mentioned has also been held to apply when the suit complained of as having been maliciously brought was purely a civil action.    In Spring & Stepp *v.* Besore, 12 B. Mon. (Ky.) 555, it was held that: "No suit for maliciously prosecuting a civil suit can be maintained where the decision of the superior court has been in favor of the defendant, though that decision be afterwards reversed by the court of appeals; unless it be averred and shown that the decision of the inferior court was obtained through fraud or unfair means."

It has also been ruled that where a party obtained an injunction in a circuit court of the United States for an alleged infringement of a patent, he was not liable to an action for a malicious prosecution, although the decision of the circuit court

was afterwards reversed by the Supreme Court of the United States. Clements *v.* Odorless Excavating Apparatus Co., 67 Md. 461, s. c. 10 Atl. Rep. 442. In delivering the opinion of the court in that case, Robinson, J., said that the order granting the injunction "was the deliberate judgment of a court of competent jurisdiction that there was not only a probable cause for filing the bill for injunction, but that the appellee was entitled to the relief prayed. A judgment thus rendered ought to be considered conclusive as to the question of probable cause, although it was reversed on appeal by the Supreme Court; otherwise in every case of reversal an action would lie for the institution of the original suit." The case last cited is directly applicable to the case now in hand. The action of Judge Butt in sanctioning the petition of Spragins, Buck & Co., and in granting the prayers thereof for injunction and receiver, was essentially judicial. The order passed by his honor was in the nature of a judgment, and would not have been granted if he had not judicially determined that the equitable petition presented to him made a case entitling the plaintiffs to the relief sought. It is true that an adjudication of this kind is neither permanent nor final, but it is none the less a judicial act essential to the further progress of the case. Civil Code, § 4967. Surely, it would be hard law which would render a plaintiff liable in damages for instituting an action, wherein he made a truthful and honest statement of the facts, in the event that notwithstanding a judge of the superior court was satisfied that upon those facts the plaintiff had a meritorious case, a ruling to that effect should afterwards be set aside. It can not matter that the same judge reversed the judgment rendered by him in sanctioning the petition. This should count for neither more nor less than if the judgment of reversal had emanated from a higher court; for the reason that the inquiry in either event would be, not whether the plaintiff had in fact a good and valid cause of action, but whether this was *apparently* true and it was accordingly the right of the plaintiff to invoke a judicial decision concerning the merits of the case presented for determination. Another case throwing light upon the question in hand is that of Crescent City Live Stock

Co. *v.* Butchers' Union, cited supra upon a different point, wherein the Supreme Court of the United States held that "the question of probable cause is a question of law for the determination of the court," citing Stewart *v.* Sonneborn, 98 U. S. 187, 194. Mr. Justice Matthews, who pronounced the opinion, also cites and discusses numerous other pertinent authorities, including some of those to which we have hereinbefore referred.

The case of *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398, does not conflict with what is herein ruled. In that case, the plaintiff's petition distinctly alleged that the defendant had obtained the injunction against him "by false and malicious allegations, and entirely without reasonable and probable cause," and that this was done "for the purpose of injuring and harassing the plaintiff." Presumably, there was evidence to support these averments of the petition; for this court held that the trial judge erred in nonsuiting the plaintiff. At the trial of this case subsequently had, there was a verdict for the plaintiff, and we are bound to assume that there was evidence warranting the jury in finding that the railroad company obtained the injunction complained of in the manner alleged in the plaintiff's petition. See 80 *Ga.* 438. Indeed, there is a strong suggestion in the opinion filed by Judge Roney that the railroad company did not proceed in good faith for the purpose of protecting its own rights, but really at the instance of the City of Americus, which urged the suit for the purpose of obtaining some benefit to the city.

Our conclusion therefore is that when Spragins, Buck & Co. presented their petition to Judge Butt, truly stating therein the facts upon which they relied, it became a question of law whether or not they were entitled to an injunction and the appointment of a receiver. His honor decided this question in their favor, and his decision, though it may have been erroneous and subsequently recalled, negatives every inference that the proceeding was instituted without probable cause, and should accordingly be treated as conclusive evidence upon this question.

*Judgment affirmed.    All the Justices concurring.*