865.   SOUTH GEORGIA BUILDING AND INVESTMENT COMPANY *v.* MATHEWS *et al.*

1. A temporary injunction granted on ex parte proceedings is not conclusive of probable cause, in a suit brought to recover damages for malicious use of legal process in prosecuting the equity suit and in obtaining the interlocutory judgment.
2. The allegations of the petition set out a cause of action for malicious use of civil process, resulting in special damages; and a judgment sustaining a demurrer thereto was erroneous.

Action for damages, from city court of Fitzgerald—Judge Jay. November 7, 1907.

Submitted February 3,—Decided May 7, 1908.

*E. W. Ryman*, for plaintiff.   *Crovatt & Whitfield, McDonald & Quincey, E. Wall*, for defendants.

HILL, C. J.   The South Georgia Building and Investment Company brought suit against Thomas Mathews and Samuel Greer, to recover damages for the malicious prosecution of a civil suit without probable cause, or for the malicious use of civil process.   The civil suit alleged to have been prosecuted maliciously and without probable cause was a suit in equity in the circuit court of the United States for the Southern District of Georgia, in which suit Thomas Mathews and Samuel Greer sought to set aside as fraudulent the sale of certain property to the South Georgia Building and Investment Company, and obtained an interlocutory injunction restraining the respondent from in any manner disposing of the property until the hearing.   It is alleged, in the petition for damages, that this restraining order remained in force and effect from the time it was granted, in February, 1905, until June, 1906, and that during all this time the respondent's property was tied up by the restraining order, and it was deprived of the right to dispose of the property or any part of it; that the filing of this

19

equity suit was wanton and malicious, and was a malicious use of civil process; that it was filed and prosecuted without probable cause and without any cause whatever; that each and every allegation of the equitable petition was wilfully and maliciously false, and that the complainants, Samuel Greer and Thomas Mathews, knew such statements to be false and malicious, when the petition was sworn to and filed in the United States circuit court, and when the restraining order was obtained. It was also alleged that the equity cause was an effort on the part of the complainants therein to extort by blackmail a considerable sum of money out of the respondent therein, who would be willing to pay the money rather than await the slow processes of the United States court and incur the heavy expense of defending the suit in that court, and that this was the sole purpose of the complainants in filing the equitable petition. The petition for damages specifically sets forth, by way of inducement, many facts, and inferences therefrom, which, it is claimed, sustain the general allegation that the equity cause was instituted and prosecuted in the United States court maliciously and without probable cause. These specific allegations it is not deemed necessary to set out here. The plaintiff alleges that it was forced to pay out the sum of $1,100, as lawyer's fees and other expenses, in making a proper defense to the equity suit in the United States court, and it sues to recover the amount so expended, as special and actual damages. A bill of particulars is attached to the petition, by an amendment setting forth the items claimed as damages. It is also alleged, that the equity cause was heard on demurrer in the circuit court of the United States, in the month of June, 1906, when the judge refused the injunction prayed for and entered an order dismissing the suit, and that the litigation, therefore, was at an end when this suit for damages was filed. The defendants filed a demurrer to the suit for damages, on the ground that the allegations of the petition set forth no cause of action. This demurrer was sustained, and the writ of error challenges the correctness of this judgment.

The allegations of the petition, in our opinion, constitute a good cause of action; and if the facts are proved as laid, the plaintiff would be entitled to recover the damages sued for. Three grounds are urged before us in support of the judgment of the court sustaining the demurrer. It is said, in the first place, that the suit

is one for the malicious abuse of civil process, and that it is there-fore barred by the statute of limitations; that the right of action, if any, accrued to the South Georgia Building and Investment Company at the date of the interlocutory restraining order granted by the judge of the United States court, and that in actions for damages of this character, suit can be commenced before the ter-mination of the suit complained of as an abuse of legal process; that this restraining order constituted the legal process complained of, and that the statute of limitations began to run from its date. This contention on the part of counsel for the defendant in error, if the suit was one for the abuse of legal process, would be sound, as matter of law, provided the facts warranted the legal conclu-sion; but, as a matter of fact, the temporary restraining order was granted by the United States judge in February, 1905, and the present suit was brought in July, 1906. The suit was, there-fore, not barred by the statute of limitations, as less than two years had elapsed between the granting of the restraining order and the filing of this suit for damages. We think the present suit, however, is one for the malicious use of civil process, and not for the malicious abuse of legal process. *Clement* v. *Orr,* ante, 117 (60 S. E. 1017), and decisions there cited.

It is next insisted by counsel for the defendants in error that the grant of the temporary restraining order by Judge Speer of the United States court furnishes conclusive evidence of probable cause, although the order was subsequently reversed by the judge and an injunction refused and the complainants' bill dismissed, and that therefore the demurrer in the instant case was properly sustained. Whether a judgment in favor of the plaintiff in a suit alleged to have been instituted and prosecuted maliciously is con-clusive evidence that the suit was based on probable cause can not be stated as an inflexible rule of law. It depends, in every case, upon the allegations and the facts, the principle being well settled that such judgment will not, in every possible state of the case, be deemed to be conclusive of the question of probable cause, but that, like judgments in other cases, its effect may be destroyed by showing that it was procured by fraud or other undue means. In the case of *Georgia Loan and Trust Co.* v. *Johnston,* 116 *Ga.* 628 (43 S. E. 27), the subject is fully discussed, and the court ap-proves of the rule laid down by the Supreme Court of the United

States in Crescent Live Stock Co. *v.* Butchers' Union, 120 U. S. 141 (30 L. ed. 614, 7 Sup. Ct. 472), that "The question of probable cause is a question of law, where the facts are undisputed; and the judgment of the court in favor of the plaintiff is conclusive proof of probable cause for the prosecution of the suit alleged to be malicious, notwithstanding its subsequent reversal by an appellate court, unless it is shown to have been obtained by means of fraud. This rule seems to reconcile the apparent contradiction in the authorities, is well grounded in reason, fair and just to the parties, and consistent with the principle on which the action for malicious prosecution is founded." And it is stated by the Supreme Court of Georgia that "the general principle, thus qualified, is now well established by the weight of authority, and applies alike to cases where the action alleged to have been malicious was a criminal prosecution and to cases where it was a civil proceeding." If, therefore, the judgment of the United States court was based upon undisputed facts, it would be conclusive evidence of probable cause, although it was subsequently reversed by the same court; but the allegations of this petition are, that the statements set forth in the bill filed in the United States court were wantonly, wilfully, and maliciously false, and wholly without any probable cause.

In the case of *Short* v. *Spragins,* 104 *Ga.* 628 (30 S. E. 810), which is relied upon by the defendant in error, the petition for injunction admittedly set forth fairly and honestly the facts which were relied upon by the plaintiffs therein, and on which the injunction was granted and the appointment of the receiver made, the court in that case saying: "Surely, it would be hard law which would render a plaintiff liable in damages for instituting an action, wherein he made a truthful and honest statement of the facts, in the event that notwithstanding a judge of the superior court was satisfied that upon those facts the plaintiff had a meritorious case, a ruling to that effect should afterwards be set aside. It can not matter that the same judge reversed the judgment rendered by him in sanctioning the petition." In the present case the petition alleges, that the temporary restraining order obtained by the complainants in the suit in the United States circuit court against them was obtained by false and malicious statements made in their equitable petition, and that these false statements were made for the pur-

pose of extorting blackmail from the respondents in that suit. We therefore conclude that no judgment obtained by ex parte proceedings can be deemed conclusive evidence of probable cause or want of malice, unless it appears that such judgment was based upon undisputed facts, or upon a statement of the case fairly and honestly made. Such judgment certainly can not be conclusive evidence of probable cause, where it is distinctly alleged in the petition for damages that it was obtained by false and malicious statements, wantonly and wilfully made for the purpose of injuring the respondent therein. *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398; Newell on Malicious Prosecution, 302, 303.·

It is insisted that the mere bringing of the suit in the Federal court was not sufficient to authorize this suit for damages, because there was no seizure or interference with the property of the defendant company. But the allegation of the petition for damages is that something more was done than the mere filing of the suit in the United States court. An interlocutory order was obtained, by which the respondent was restrained from selling or disposing of its property for more than a year; and in order to get rid of this restraining order and enable the respondent to get control of its property, it became necessary for it to employ counsel and to pay, for counsel fees, witnesses, and expenses of attending court, the sum of $1,100, to recover which the present suit is brought.

We think that the plaintiff in the court below was clearly entitled to go to the jury on the allegations made in the petition, and that therefore the judgment sustaining the demurrer and dismissing the petition was erroneous. 　　　*Judgment reversed.*