Merton B. BERGER, M.D.,
Plaintiff-Appellant,

v.

NORTH AMERICAN COMPANY FOR
LIFE AND HEALTH INSURANCE,
Defendant-Appellee.

No. 81–7968
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 20, 1982.

Michael A. Kessler, Atlanta, Ga., for plaintiff-appellant.

Matthew H. Patton, Kilpatrick & Cody, Everette L. Doffermyre, Jr., Freeman & Hawkins, A. Timothy Jones, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

Merton B. Berger, M.D., appeals from the grant of summary judgment to defendant, North American Company for Life and Health Insurance ("North American"). Dr. Berger brought suit against North American for malicious use of process in bringing a prior action against him. The district court, in this diversity case, entered summary judgment for North American because Dr. Berger failed to establish lack of probable cause, one of the elements necessary to recover for malicious use of process under Georgia law. We affirm.

Dr. Berger, a psychiatrist who had seen Walker B. Posey, Jr., in a professional capacity, became a witness in a prior action between North American and Posey. North American took Dr. Berger's deposition on August 4, 1977, and temporarily adjourned it until August 7, 1977. When the deposition was not completed on August 7, Dr. Berger filed a Motion for Protective Order seeking to prevent its continuation. North American filed a Motion to Compel Discovery. On August 31, 1977, the Superior Court of DeKalb County denied the motion of Dr. Berger and granted the motion of North American, ordering Dr. Berger to appear for the continuation of his deposition. On August 31, 1977, and November 28, 1977, counsel for North American wrote to counsel for Dr. Berger and Mr. Posey, informing them that North American would take Dr. Berger's deposition at his convenience. No response was received to either letter.

A subpoena was mailed to Dr. Berger and copies mailed to his counsel and counsel for Mr. Posey on December 14. However, North American was unsuccessful in its at-

tempt to serve Dr. Berger personally. On December 28, 1977, North American filed a formal Notice to Take Deposition. Upon learning from Dr. Berger's attorney that Dr. Berger would be out of the state for an indefinite period, North American filed a Motion for Contempt and To Schedule Deposition on a Date Certain. A hearing was held on January 5, 1978, to consider the contempt motion. After considering the brief and motion of North American, as well as the oral arguments of both parties, the court entered an order adjudging Dr. Berger in contempt until he complied with the August 31 order to complete his deposition.

The Georgia Court of Appeals overturned the contempt order, holding that Dr. Berger had been improperly served. The court did not reach the merits of the contempt order. Dr. Berger then brought this action for malicious use of process, seeking to recover attorney's fees and expenses of litigation connected with resisting and overturning the contempt order.

Under Georgia law, four elements must be proved to recover for malicious use of process: (1) prosecution of a civil action with malice; (2) lack of probable cause; (3) termination of the proceedings in favor of the defendant; (4) the prosecution of the process caused arrest of the person, seizure of his property, or other special damage. *Pair v. Southern Bell Telephone & Telegraph Company,* 149 Ga.App. 149, 253 S.E.2d 828 (1979). Because each element must be proved to recover, the district court focused on only one, lack of probable cause.[1]

Lack of probable cause can be demonstrated by showing that the defendant prevailed in the action below, even if the judgment was later reversed. *Short v. Spragins,* 104 Ga. 628, 30 S.E. 810 (1898). Here the judgment of contempt was not reversed on its merits. Nevertheless, Dr. Berger contends that the rule should not apply here because the proceeding in which the contempt order was granted was held to

be "nugatory" by the Georgia Court of Appeals. Although it has sometimes been stated that the judgment relied on must be rendered by a "court having jurisdiction of the parties and the subject matter," *Georgia Loan & Trust Co. v. Johnston,* 116 Ga. 628, 43 S.E. 27 (1902), judgments have been given effect even though rendered after an *ex parte* proceeding. *See Short v. Spragins, supra.* In *South Georgia Building & Investment Co. v. Mathews,* 4 Ga.App. 289, 61 S.E. 293 (1908), the court stated that a judgment rendered after an *ex parte* hearing is not conclusive evidence of probable cause, unless the decision "was based upon undisputed facts, or upon a statement of the case fairly and honestly made." 4 Ga. App. at 293, 61 S.E. at 295. The *South Georgia* court refused to use the grant of a temporary restraining order as conclusive evidence of probable cause because the order was alleged to be based on a "wantonly, wilfully, and maliciously false" bill. 4 Ga. App. at 292, 61 S.E. at 295. It distinguished *Short, supra,* noting that the petition for a restraining order in *Short* set forth "fairly and honestly the facts" which the court relied on in granting it. *Id.*

In the case at hand, Dr. Berger did not appear but was represented by counsel. Therefore, although the court did not have personal jurisdiction over Dr. Berger, it had the opportunity to consider the arguments of both parties before granting the contempt order. Dr. Berger urges that we should nevertheless apply the rule of *South Georgia* and refuse to view the prior judgment as conclusive evidence establishing lack of probable cause. The reasoning of *South Georgia* indicates that the *ex parte* exception should not be applied here. Unlike in an *ex parte* hearing, the court was able to hear the arguments of both counsel. Furthermore, even an *ex parte* hearing is given effect under *South Georgia* if the plaintiff accurately stated the facts. Dr. Berger has not alleged that North American misstated the facts in its motion or brief. If a court, upon hearing the arguments of both counsel and reading a motion

---

1. In deciding to focus on lack of probable cause the court noted that there was confusion among Georgia appellate decisions as to what constitutes "special damages."

that fairly and honestly sets forth the facts, decides for one party, that party has demonstrated that his action was brought with probable cause even if the judgment is later held to be infirm.

AFFIRMED.