# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

---

| | | |
|---|---|---|
| **KITSIE LEE HENDRIX,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Shelby Law No. 45801 T.D. |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JAMES S. COX & ASSOCIATES,** | ) | Appeal No. 02A01-9510-CV-00233 |
| **JAMES S. COX, RUSSELL FOWLER,** | ) | |
| **SCOTT F. MAY, and KENNETH** | ) | |
| **OWEN KING,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

**FILED**

**November 14, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
## AT MEMPHIS, TENNESSEE

### THE HONORABLE WYETH CHANDLER, JUDGE

For the Defendant/Appellee,
Kenneth Owen King:

Alan R. Strain
Memphis, Tennessee

For the Defendants/Appellees,
James S. Cox & Associates, James S. Cox
and Russell Fowler:

Hal Gerber
Lewie R. Polk, III
Memphis, Tennessee

For the Defendant/Appellee,
Scott F. May:

Scott F. May
Memphis, Tennessee

For the Plaintiff/Appellant:

Duncan E. Ragsdale
Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

# OPINION

This is a malicious prosecution case. In the suit underlying the malicious prosecution claim, the trial court ruled in a manner favorable to the Appellees, and the trial court's ruling was reversed on appeal by this Court. In the subsequent malicious prosecution action, the trial court granted summary judgment in favor of the Defendant/Appellees. Based on the trial court's ruling in the underlying lawsuit, we find that the trial court in this case properly granted summary judgment, and therefore affirm.

In 1990, Appellee Kenneth Owen King ("King") and Appellant Kitsie Lee Hendrix ("Hendrix") were in the process of getting a divorce. Hendrix eventually retained Appellee James S. Cox ("Cox") to replace her original attorneys in the divorce action. Appellee Scott F. May ("May") represented King.

In December, 1990, after representing Hendrix for approximately four months, Cox withdrew as her divorce attorney. Hendrix then temporarily retained her previous attorneys. Cox then sued Hendrix for unpaid attorneys' fees. He was represented by his law partner, Appellee Russell Fowler ("Fowler"). On January 28, 1991, Cox and Hendrix agreed to a consent judgment awarding him $23,017.16.

At the time, King and Hendrix had a marital residence located at 811 Sweetbriar, in Memphis, Tennessee ("Sweetbriar"). The property was owned as tenants by the entirety. Cox filed to levy execution upon Hendrix' interest in Sweetbriar in satisfaction of the consent judgment. On February 19, 1991, after a hearing in which both Cox and Hendrix were represented and in which oral arguments were heard, the Chancery Court ordered that Hendrix' interest in Sweetbriar be sold. That same day, Cox filed to garnish Hendrix' account at National Bank of Commerce, which contained funds totaling $1,368.95. On March 7, 1991, the bank answered that the garnishment had been accomplished. The sale of Hendrix' Sweetbriar interest occurred on March 14, 1991. Hendrix did not appear or bid at the sale, and Cox bought her interest for $3,500.

On April 8, 1991, Cox filed a Motion to Confirm Sale, and to Divest and Vest Title. He sent a letter to May to the effect that King's interests would be better protected if King supported the motion. May advised King that he should do so, and King agreed.

On April 17, 1991, Hendrix hired Stevan Black ("Black") to represent her. The next day, the hearing on Cox' motion was held. That morning, May filed a Petition of Co-owner to Confirm Sale and Divest and Vest Title. Hendrix appeared in court with Black. When May handed Black

a copy of his petition, Black requested a continuance in order to read the petition and prepare a response. In order to avoid a continuance, May withdrew the petition. Black stated that he might call either May or King as witnesses during the hearing, and consequently they were excluded from the courtroom. They were not called as witnesses and left after the hearing was over.

During the hearing, Black opposed confirmation of the sale on the basis that no **nulla bona** return had been made on Hendrix' personalty before Cox levied execution on her realty, as required by Tennessee Code Annotated § 26-3-101. Fowler, representing Cox, argued that it was now too late to object to the sale. Black responded that his argument would have been premature earlier because case law held that land and personalty can be levied on at the same time so long as the personalty is sold first. The court responded:

> THE COURT: I'm familiar with that statute. But I think the idea behind it was that you could do it at the same time but if you had it all at one time then you exhaust the personalty before you went on the land. That was the idea behind it. So, I'm familiar with it, very familiar with it.

The court overruled the objection and confirmed the sale.

Hendrix appealed the decision. This Court ruled that it was a "requirement that the sheriff's return indicate no personal property is to be found in his county before realty can be executed upon." *James S. Cox & Assocs. v. King*, No. 020A1-9109-CH-00213, 1992 WL 58498, at *2 (Tenn. App. Mar. 27, 1992). Because no such return had been made, this Court reversed the trial court's order to sell Hendrix' interest in Sweetbriar and the order confirming that sale. *Id.* at *2-3.

Before this Court issued its decision, Hendrix and King entered into a marital dissolution agreement and their divorce became final. Cox' judgment against Hendrix was paid by funds from King and from Hendrix' bond for a prematurely-filed redemption suit.

Subsequently, Hendrix filed this lawsuit for malicious prosecution and outrageous conduct against the law firm of James S. Cox & Associates and individually against Cox, Fowler, May, and King ("Defendant/Appellees"). Hendrix alleged that they had maliciously and without probable cause levied execution on Hendrix' interest in Sweetbriar when they knew that they could not do so without first acquiring a **nulla bona** return. Hendrix asserted that May and King acted in furtherance of the malicious prosecution by supporting Cox' motion to confirm the sale of Sweetbriar.

The defendants in the malicious prosecution action moved for dismissal or for summary judgment. After a hearing, the trial court denied summary judgment on the malicious prosecution

2

issue but granted summary judgment on the charge of outrageous conduct. The defendants subsequently moved the court to reconsider its denial of summary judgment on malicious prosecution. After another hearing, the trial court granted the defendants summary judgment on the allegations of malicious prosecution. In its order, the court found:

> From the pleadings, affidavits, and depositions filed in this cause and the entire record, including briefs of all parties, the Court is of the opinion that in the prior civil proceeding in the case of <u>Cox v. Hendrix</u> the defendants had probable cause to undertake or participate in the civil proceedings against the plaintiff.

> The Court further finds that at the hearing on the petition of the defendant Cox to confirm the Clerk and Master sale (April 18, 1991) Chancellor Aaron Brown, in considering said petition, announced to the parties that he was familiar with the law pertaining to execution and ruled on the said petition based on his understanding of the law and the facts. This Court is of the opinion that the parties (the defendants herein) had a right to rely on the statement and ruling of said Chancellor: that said ruling is conclusive that there was probable cause to bring said civil proceeding, and said ruling was not procured by fraud.

> As to the defendant King only, the Court further finds that said defendant in good faith sought the advice of an attorney before participating in the civil proceeding against the plaintiff. The Court further finds that the defendant King made a full, fair and complete disclosure to his attorney of the pertinent material facts of which he had knowledge tending to prove the civil allegations against the plaintiff, and thereafter said defendant acted upon the advice of his attorney and in the belief of the plaintiff's liability.

From this decision, Hendrix now appeals. On appeal, Hendrix argues that there were genuine issues of material fact which should have precluded the trial court's grant of summary judgment.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. ***Byrd v. Hall***, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. ***Id.*** at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. ***Id.*** Therefore, our review of the trial court's grant of summary judgment is ***de novo*** on the record before this Court. ***Id.***

In order for a plaintiff to prevail in an action for malicious prosecution, he must prove that

3

(1) the defendant initiated a previous suit or judicial proceeding without probable cause, (2) the defendant acted with malice in bringing the suit or proceeding, and (3) the earlier suit or proceeding ended in a result which favored the plaintiff in the malicious prosecution action. *Lantroop v. Moreland*, 849 S.W.2d 793, 797 (Tenn. App. 1992). "Probable cause is the linchpin of malicious prosecution." *Carter v. Baker's Food Rite Store*, 787 S.W.2d 4, 6 (Tenn. App. 1989). Probable cause is established when there exists "such facts and circumstances sufficient to excite in a reasonable mind the belief that the accused is guilty of the crime charged." *Roberts v. Federal Express Corp.*, 842 S.W.2d 246, 248 (Tenn. 1992). Furthermore, "[p]robable cause is to be determined solely from an objective examination of the surrounding facts and circumstances." *Id.*

In this malicious prosecution case, the trial court granted summary judgment to the Defendant/Appellees in this case solely on the basis that probable cause existed for the decision to levy execution on Hendrix' interest in Sweetbriar. This finding was based on the fact that the Chancellor who ordered and confirmed the sale considered the applicable law during the confirmation hearing and ruled in Cox' favor. The trial court found that this initial ruling in Cox' favor created a presumption of probable cause.

Probable cause in a malicious prosecution action was considered in *Memphis Gayoso Gas Co. v. Williamson*, 56 Tenn. 314 (1872), *overruled on other grounds by Roberts v. Federal Express Corp.*, 842 S.W.2d 246, 249 (Tenn. 1992).[1]  In the underlying suit, in *Memphis Gayoso*, the defendants in the malicious prosecution case had initially been successful in obtaining an injunction and in having it made permanent. However, the lower court's ruling was reversed when an opposing party appealed to the United States Supreme Court. *Id.* at 323-24. In *Memphis Gayoso*, the Tennessee Supreme Court found that "the great weight of authority may be regarded as having established the rule that the judgment of a court of competent jurisdiction, in favor of the plaintiff below, after reversal in a higher court, is to be taken as *prima facie* evidence of probable cause." *Id.* at 323. Such evidence can only be rebutted by a showing that the judgment was procured through fraud. *See id.* at 323-24, 340. *See also Christian v. Lapidus*, 833 S.W.2d 71, 74 (Tenn. 1992) (". . . a judgment in favor of the original plaintiff is conclusive of probable cause, unless procured by

---

[1]*Roberts* only overruled *Memphis Gayoso Gas* to the extent that it held that the determination of the reasonableness of a defendant's actions in relation to the question of probable cause, once the facts had been found by the jury, was to be determined by the court. *Roberts*, 842 S.W.2d at 249.

fraud.").

In addition, an analogous issue is discussed in **Hall v. Hodge**, C.A. No. 215, 1990 WL 131446 (Tenn. App. Sept. 14, 1990) in which the plaintiff Hall filed a malicious prosecution claim against an attorney. Hall alleged that, in the underlying suit, the attorney had filed an action without making a reasonable inquiry into the facts and legal bases for that suit. The underlying suit was non-suited, but Hall sought sanctions against the attorney for allegedly violating Rule 11 of the Tennessee Rules of Civil Procedure. The trial court in the underlying suit had ruled against Hall in his application for sanctions. **Id.** at *2. This Court found:

> In deciding the Rule 11 motion in the underlying case, the trial court was required to consider the issue of whether the complaint in the underlying case was filed by the parties and the attorney after making reasonable inquiry and was well-grounded in fact and warranted by existing law or an extension thereof. The trial court found this issue in the affirmative. This conclusively precludes any finding that the underlying suit was filed without probable cause and with malice.

**Id.** at *3. Thus a judicial finding in favor of the plaintiff in the underlying suit is evidence that probable cause existed to bring that suit, even if the defendant finally prevails.

Other jurisdictions have also ruled that a judgment for a plaintiff, even if reversed on appeal, is evidence of probable cause, rebuttable only upon a showing that the first judgment was procured through fraud. **See Berger v. North Am. Co. for Life & Health Ins.**, 694 F.2d 233, 235-36 (11th Cir. 1982); **Visco v. First Nat'l Bank**, 415 P.2d 902, 906 (Ariz. Ct. App. 1966); **Goldstein v. Sabella**, 88 So. 2d 910, 911-12 (Fla. 1956); **Colquitt v. Network Rental, Inc.**, 393 S.E.2d 28, 30 (Ga. Ct. App. 1990); **Keefe v. Aluminum Co. of Am.**, 519 N.E.2d 955, 956 (Ill. App. Ct. 1988); **Laughlin v. St. Louis Union Trust Co.**, 50 S.W.2d 92, 93 (Mo. 1932).

In the unpublished case **Brannon v. Pyle**, No. 03A01-9506-CV-00199, 1995 WL 571885 (Tenn. App. Sept. 29, 1995), this Court considered whether the presumption of probable cause created by an initial favorable determination should be "conclusive" or "prima facie." The conclusive presumption was described as follows:

> (1) The conviction, although reversed on appeal, is conclusive evidence of the existence of probable cause, unless obtained by fraud, perjury or other corrupt means.

**Brannon** at *5. The prima facie presumption was also described:

> (2) The overturned conviction is *prima facie* evidence, creating a presumption of probable cause, which the plaintiff may rebut by providing competent and convincing evidence which clearly overcomes it.

**Id.** The **Brannon** court acknowledged that the "conclusive presumption" was the majority rule.

Nevertheless, it adopted the minority view, that a favorable initial ruling creates only a prima facie presumption of probable cause which may be overcome by "competent and convincing evidence." *Id.*

In this case, we need not reach the issue of whether the presumption of probable cause is conclusive or prima facie, because Hendrix has not presented proof sufficient to overcome the presumption under either rule. Here, the question of law at issue was argued before the trial court by counsel for both parties. The facts were fully presented to the trial court, including the fact that no *nulla bona* return had been made. Hendrix' attorney argued the correct law, that in the absence of a *nulla bona* return, no levy could be made on the realty. The issue was specifically addressed by the trial court, with a ruling favorable to the Defendant/Appellees. The only evidence to rebut the presumption of probable cause is the eventual reversal of the trial court's decision by this Court. In and of itself, a reversal by this Court is insufficient to overcome the presumption under either standard; otherwise, every decision reversed by this Court could form the basis for a malicious prosecution claim. Therefore, the evidence was insufficient for a trier of fact to find that Hendrix had satisfied an essential element of her malicious prosecution claim, lack of probable cause, and the trial court properly granted summary judgment in favor of the Defendant/Appellees.

The decision of the trial court is affirmed. Costs are assessed against Appellant, for which execution may issue if necessary.


_____
**HOLLY KIRBY LILLARD, J.**

_____

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**DAVID R. FARMER, J.**